## Tarpy, et al. v. Lexington & Eastern Railroad Co.

### (Decided June 12, 1913.)

### Appeal from Clark Circuit Court.

1. Executors and Administrators—Sale of Land by—When Purchaser of Cannot Insist Upon Purchase.—An executor who is authorized to sell enough land to pay the debts of the estate is without authority to sell more land than is reasonably necessary for this purpose, and a purchaser from him with notice of his want of authority, cannot insist upon his purchase.

2. Wills—Direction to Sell Land—Sale by Executor—When Should Be Set Aside.—Where the will directs so much of a tract sold as is necessary to pay the debts, and from the shape and size of the tract it may be presumed to be divisible without materially impairing its value, a sale by the executor of the whole tract for $700, when the debts amounted to only $200, should be set aside, the purchaser having notice of the facts.

J. SMITH HAYS, JR., J. SMITH HAYS, SR., for appellants.

B. R. JOUETT, SAMUEL M. WILSON and H. H. MOORE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Reversing.

The will of W. A. Hickerson which was duly probated contains these provisions:

"2. I give and bequeath to my wife, Belle B. Hickerson, all my property of every kind to have and to hold same during her natural life or whilst she is my widow, with remainder to my children equally.

"3. I nominate and appoint W. P. Hackett the executor of this will and authorize and empower him, if he shall deem it necessary to sell and convey so much of my real estate, situated on Magnolia street, in Winchester, Kentucky, as may be required to pay my debts. Said Hackett having generally agreed to act without compensation, I request the court not to require surety of him."

After his death the widow and children remained in possession of the real estate. While they were thus in

possession the executor sold and conveyed to J. W. Pointer for $700 the lot above referred to. Pointer conveyed it to W. A. McDowell and W. A. McDowell conveyed it to the Lexington & Eastern Railway Company, Pointer and McDowell being the agents of the railroad company in the transaction and acting for it. The lot fronts 100 feet on Holly avenue and 300 feet on Magnolia avenue. It is 315 feet deep on one side and 375 feet deep on the other. The debts of the estate amounted to only $200, and Pointer was informed of this when the purchase was made. The widow and children brought this suit to quiet their title to the property and have the deed conceled, alleging the above facts, charging that it was void; that the property was susceptible of partition, and that the act of the executor was unauthorized and void. The circuit court sustained a demurrer to their petition and dismissed the action. They appeal.

By the will the executor was authorized if he deemed it necessary, to sell and convey so much of the lot as was required to pay the testator's debts. While the executor was authorized to make a sale if he deemed it necessary of so much of the land as was required to pay the debts, like any other trustee he was required in discharging his trust to exercise a reasonable judgment and he was not authorized to sell more of the land than was reasonably necessary for the payment of the debts. It is true that under section 4846, Kentucky Statutes, the purchaser from him was not bound to look to the application of the purchase money, and his title would not be affected by the misapplication of the purchase money by the executor. But that is not the question here. The general rule is that a trustee's act beyond the scope of the authority conferred upon him, is invalid, and if the person dealing with the trustee has notice that the trustee is exceeding his authority, he has no higher rights than the trustee was authorized to confer. We see no reason why this rule should not be applied to a sale made by an executor without authority where his want of authority was known to the purchaser at the time he purchased. In Larue's Heirs v. Larue, Executor, 3 J. J. Mar, 156, it was held that a purchaser in good faith was not affected by the fact that the executors transcended their authority in selling more land than was necessary, but in that case the purchasers had no notice that the executors were exceeding their authority. In Rutherford v. Clark, 4 Bush, 27, the court said:

"When a will directs the sale of real estate, if neces-sary, for the payment of all the testator's debts or lega-cies, a purchaser at any such sale, not being presumed to know, or to be able by reasonable diligence, to know the condition of the estate or the extent of its indebtedness, or of its assets, should be protected in his purchase when-ever made in good faith, without notice, actual or con-structive, of the latent fact that there was no necessity for the sale, and consequent want of authority to make it. If this were not so, prudent men would not bid a fair price at such sales. Policy and justice, therefore, have estab-lished the rule, as recognized by abundant authority in both Virginia and Kentucky."

But in that case the court found as a fact that the pur-chasers had notice that the executor was exceeding his authority, and the sale was set aside. It is true in that case the property was sold for less than its value, but this fact is only referred to by the court as a circumstance. In the case as bar although the debts amounted to only $200, the land was sold by the executor for $700 and the pur-chaser knew the amount of the debts when he bought.

It is insisted that it is not alleged in the petition that the property was susceptible of division without mater-ially impairing its value, and that it must be presumed that the executor exercised a reasonable judgment in sell-ing the whole tract, although the debts amounted to only $200. But it will be observed that by the will the execu-tor was authorized to sell and convey so much of this lot as might be required to pay the debts. The will on its face shows that the testator regarded the property as di-visible, and that he contemplated a sale of so much of it as might be necessary. In addition to this as the lot fronts 100 feet on one street, 300 feet on another, and runs back from 315 to 375 feet, we think it may be pre-sumed that such property in a city is divisible without sacrifice. The presumption of course may be rebutted by proof and if in selling the whole lot, the executor exer-cised a reasonable judgment to protect the estate from loss, the sale must not be set aside. But as the demurrer to the petition admits the facts therein stated to be true, we are of opinion that on these admitted facts, nothing else appearing, the sale of the whole lot by the executor was unauthorized, and should be set aside. (18 Cyc., 321).

Judgment reversed and cause remanded to the circuit court with directions to overrule the demurrer to the pe-tition.